IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD HENSON,

                Plaintiff,

v.                                                                                 CIVIL ACTION NO. 3:08-0821

PEACHTREE DOORS & WINDOWS, INC.,
a Tennessee corporation,
SNE ENTERPRISES, INC.,
a Delaware corporation,

                Defendants.

**ORDER**

Pending are several motions *in limine* filed by Plaintiff prior to the Court's earlier pre-trial conference. *See* Doc. 64. Unresolved are Plaintiff's motion for an adverse inference instruction on lost training records'; Plaintiff's motion to exclude an inspection report by the West Virginia Department of Labor; Plaintiff's motion to preclude testimony of Tim Dragoo regarding supervisor John Suttles; and, Plaintiff's motion to exclude certain testimony of Tim Lohse  These motions are to be resolved as indicated below.

<u>Plaintiff's Motion for an Adverse Inference Instruction on Lost Training Records</u>

Plaintiff seeks an adverse inference instruction regarding lost training records referred to by SNE's safety director, Greg Meadows. Mr. Meadows testified that he reviewed Plaintiff's training records because he was aware of the current litigation, and that he flagged certain sections. Plaintiff's records were shipped to SNE headquarters in Wisconsin and have since been lost. Plaintiff argues that under the circumstances he is entitled to an instruction that the jury may infer

that any information contained within the training file would have been adverse to SNE's claims or defenses.

Defendant SNE contends that an adverse inference instruction is not appropriate. They argue that there are actually two sets of training records: one set recording Plaintiff's training on the specific machine on which he was injured, and a second of more general training records. Defendant argues that they cannot be held responsible for the loss of the first set of records because they were outside of their control. Defendant argues that an adverse inference instruction should not be given as to the second set of records, although Plaintiff should be allowed to argue that these documents never existed.

The Court **GRANTS** the Plaintiff's motion insofar as it pertains the training file described by Greg Meadows. Before a trial court may give an adverse inference instruction, the following factors must be considered:

> 1) the party's degree of control, ownership, possession, or authority over the destroyed evidence;
>
> 2) the amount of prejudice suffered by the opposing party as a result of the missing or destroyed evidence and whether such prejudice was substantial;
>
> 3) the reasonableness of anticipating that the evidence would be needed for litigation; and
>
> 4) if the party controlled, owned, possessed or had authority over the evidence the party's degree of fault in causing the destruction of the evidence.

Syl. Pt. 2 *Tracy v. Cottrell* 524 S.E.2d 879 (W.Va. 1999).

Each of these factors is met in the present case and weighs in favor of granting the instruction. Greg Meadows testified at deposition that he reviewed the training file, knowing it

concerned litigation, that he sent the file to corporate headquarters and that it was subsequently lost. The file was particularly within the control of the Defendant, and there is no reason to blame any other entity for its loss. The loss of the document creates the risk of substantial prejudice to Plaintiff, as his own training is sure to be an issue in this litigation. Plaintiff is entitled to an adverse inference instruction at trial, regarding the lost training documents referred to by Greg Meadows. This portion of the Plaintiff's motion is **GRANTED.**

<u>Plaintiff's Motion to Exclude the Inspection Report by the West Virginia Department of Labor</u>

Plaintiff filed this motion to exclude evidence and documents from an inspection by the West Virginia Department of Labor, which occurred approximately one month prior to his injury. Plaintiff contends that the records from this inspection do not mention the machine on which Plaintiff worked and are therefore have no probative value.

Defendants explain that they intends to offer records from the inspection along with the testimony of plant manager Tim Dragoo. Dragoo is expected to testify that he remembers the inspector looking at the Plaintiff's machine but that no problems with the machine were indicated in the report. Dragoo is also expected to authenticate the document, as it bears his signature on the cover page.

In Court's view, Tim Dragoo is capable of laying the necessary foundation for admissibility of the document as well as authenticating it. The inspection and following report are relevant to the safety practices in the plant where Plaintiff was injured and have probative value. Insofar as it seeks to exclude the inspection report, Plaintiff's motion is **DENIED**.

<u>Plaintiff's Motion to Preclude Tim Dragoo from Speculating about the Conduct of Supervisor, John Suttles</u>

During deposition, Tim Dragoo testified that Plaintiff's supervisor, John Suttles, would not have gone out of his way to bypass safety guards because he was "lazy." Plaintiff seeks to exclude this testimony as mere speculation.

Defendants contends that this testimony of Tim Dragoo is proper under Rule 701 of the Federal Rules of Evidence. Rule 701 provides,

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based upon the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

In the Court's view the conclusion that John Suttles would not have gone out of his way to bypass safety guards because he was lazy, goes beyond a reasonable inference rationally based on the perception of the witness. It is simply speculation as to how Suttles would have behaved in a hypothetical situation of which Dragoo had no personal knowledge. Accordingly, this portion of Plaintiff's motion is **GRANTED**.

<u>Plaintiff's Motion to Exclude Opinions that Court be Construed as Statements on the Requirements of the OSHA LockOut/TagOut Standard</u>

Plaintiff's final motions is to exclude statements of Tim Lohse, a representative of machine manufacturer Arpac, which might be construed as opinions regarding OSHA's lockout/tagout procedure. Plaintiff contends that Lohse is not qualified to offer such opinions. Defendants argue that Plaintiff opened the door, by asking the questions that led to the challenged testimony.

The challenged testimony was made during Plaintiff's 30(b)(6) deposition of Tim Lohse. The Court will defer ruling on this objection and will accept argument from the parties at the scheduled final settlement conference.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 22, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE